## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## WACO DIVISION

| | |
|---|---|
| NCS MULTISTAGE INC.,<br><br>　　　*Plaintiff,*<br><br>v.<br><br>INNOVEX DOWNHOLE SOLUTIONS, INC.,<br><br>　　　*Defendant* | CIVIL ACTION NO. 6:20-CV-280-ADA<br><br>JURY TRIAL DEMANDED |

## INNOVEX'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS

Defendant Innovex Downhole Solutions, Inc. ("Innovex"), by and through its undersigned counsel, submits this Answer, Affirmative Defenses, and Counterclaims to the Complaint (Dkt. No. 1) filed by Plaintiff NCS Multistage Inc. ("NCS"). Innovex denies all allegations in the Complaint that are not expressly admitted below. Innovex incorporates the headings used by Plaintiff NCS in its Complaint for the convenience of the Court. Innovex does not agree with any factual characterizations nor admit any allegations made in, or inferences suggested by, such headings, and instead denies them.

### NATURE OF THE ACTION

1. Innovex admits that the Complaint purports to bring an action for patent infringement. Innovex admits that Exhibit A to the Complaint is a copy of U.S. Patent No. 10,465,445 ("the '445 Patent"). Innovex denies that the Complaint sets forth valid or meritorious claims of patent infringement, and denies that it has infringed the '445 Patent.

2. Innovex admits that NCS alleges that Innovex infringes the '445 Patent by making, using, offering for sale, and/or selling its Casing Flotation Device for use in downhole well completions. Innovex denies that it has infringed the '445 Patent.

## THE PARTIES

3.      Innovex is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 3 of the Complaint and, therefore, denies them.

4.      Innovex admits that it is a corporation organized under the laws of Delaware. Innovex denies that it has a principal place of business at "N Sam Houston Parkway E, Houston, Texas 77032."

## JURISDICTION AND VENUE

5.      Innovex admits that the Complaint purports to bring an action arising under the patent laws of the United States—namely, 35 U.S.C. § 1 *et seq*.  Innovex admits that this Court has subject matter jurisdiction over patent infringement claims generally under 35 U.S.C. § 1331 and 1338(a).  Innovex denies any remaining allegations of Paragraph 5 of the Complaint.

6.      Innovex admits that it has a place of business in Houston, Texas, and offices in Midland, Texas; Levelland, Texas; Odessa, Texas; Pleasanton, Texas; San Antonio, Texas; and Andrews, Texas.  For purposes of this action only, Innovex does not contest that Innovex Downhole Solutions, Inc. is subject to personal jurisdiction in this Court.  Innovex is without knowledge or information sufficient to form a belief as to the truth of the allegation that the cities listed in Paragraph 6 of the Complaint are under the jurisdiction of the Western District of Texas. Innovex denies any remaining allegations in Paragraph 6 of the Complaint.

7.      Innovex admits that it has offices in Midland, Texas; Levelland, Texas; Odessa, Texas; Pleasanton, Texas; San Antonio, Texas; and Andrews, Texas. Innovex is without knowledge or information sufficient to form a belief as to the truth of the allegation that the cities listed in Paragraph 7 of the Complaint are within the jurisdiction of the Western District of Texas. Innovex denies it has committed acts of patent infringement in this district.  Whether venue is proper in this district is a legal conclusion and, therefore, no response is necessary.  Innovex denies

that this district is a convenient forum for this case and instead maintains that the federal courts situated in Houston, Texas are the more convenient forum.  Innovex denies any remaining allegations in Paragraph 7 of the Complaint.

## BACKGROUND

### A.  NCS

8.      Innovex is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 8 of the Complaint and, therefore, denies them.

9.      Innovex is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 9 of the Complaint and, therefore, denies them.

10.      Innovex is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 10 of the Complaint and, therefore, denies them.

11.      Innovex is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 11 of the Complaint and, therefore, denies them.

### B.  Innovex

12.      Innovex admits that it has a place of business in Houston, Texas and that it specializes in well construction, completion, and production solutions, among other things. Innovex admits that the website cited in Paragraph 12 of the Complaint (https://innovex-inc.com/completions/float-subs/) relates to the Innovex Casing Floatation System.  Innovex admits that the image following Paragraph 12 of the Complaint appears to be a copy of an image available on the Innovex website at https://innovex-inc.com/completions/float-subs/.  Innovex denies any alleged infringement, and denies the remaining allegations in Paragraph 12 of the Complaint.

13.      Innovex states that its marketing materials for the Innovex Casing Floatation System speak for themselves, and to the extent NCS paraphrases the unidentified marketing materials, Innovex denies that such materials contain the statements in Paragraph 13 of the

Complaint as worded by NCS.  Innovex denies any alleged infringement, and denies the remaining

allegations in Paragraph 13 of the Complaint

### C.  NCS Notifies Innovex of Infringement Concerns

14.     Innovex admits that NCS's CEO, Robert Nipper, contacted Innovex's CEO, Adam

Anderson, on November 1, 2019, regarding the '445 Patent.  Innovex further admits that NCS's

counsel sent Mr. Anderson a letter dated December 16, 2019 inviting Innovex to discuss a potential

license to the '445 Patent, and included a claim chart with that letter.  Innovex denies any alleged

infringement, and denies the remaining allegations in Paragraph 14 of the Complaint.

### COUNT I: INFRINGEMENT OF THE '445 PATENT

15.     Innovex repeats and incorporates by reference each preceding paragraph as if fully

set forth here.

16.     Innovex is without knowledge or information sufficient to form a belief as to the

truth of the allegations of Paragraph 16 of the Complaint and, therefore, denies them.

17.     Innovex admits that the '445 Patent states on its face that it was issued on November

5, 2019 and is entitled "Casing Float Tool."  Innovex admits that Exhibit A to the Complaint is a

copy of the '445 Patent.  Innovex is without knowledge or information sufficient to form a belief

as to the truth of the remaining allegations of Paragraph 17 of the Complaint and, therefore, denies

them.

18.     Denied.

19.     Denied.

20.     Innovex admits that it sells its Casing Floatation System to its customers.  Innovex

states that its advertising materials for the Innovex Casing Floatation System speak for themselves,

and to the extent NCS paraphrases the unidentified advertising materials, Innovex denies that such

materials contain the statements in Paragraph 20 of the Complaint as worded by NCS.  Innovex

denies any alleged infringement, and denies the remaining allegations in paragraph 20 of the Complaint.

21.     Denied.

22.     Denied.

**PRAYER FOR RELIEF**

23.     Paragraph 23 sets forth the relief requested by NCS and does not require a response. Innovex denies any factual allegations contained in the Prayer for Relief of the Complaint, and further denies that NCS is entitled to the relief sought.

**INNOVEX'S AFFIRMATIVE AND OTHER DEFENSES**

Upon information and belief, and subject to its responses above, Innovex asserts the following defenses in response to the allegations of the Complaint, without admitting or acknowledging that Innovex bears the burden of proof or persuasion as to any of such defenses or that any such defenses must be pled as affirmative defenses. Regardless of how such defenses are listed, Innovex undertakes the burden of proof or persuasion only as to those defenses that are deemed affirmative defenses as a matter of law. Innovex expressly reserves the right to amend or raise additional defenses pursuant to any docket control order or as additional information becomes available through further investigation and discovery.

**FIRST DEFENSE**
**(NON-INFRINGEMENT)**

1.     Innovex has not infringed and does not infringe, directly, indirectly, literally, or under the doctrine of equivalents, any valid and enforceable claim of the '445 Patent.

## SECOND DEFENSE
### (INVALIDITY OR INELIGIBILITY)

2.      The claims of the '445 Patent are invalid, ineligible, unenforceable, or void for failure to satisfy one or more of the requirements of patentability set forth in Title 35 of the United States Code, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and 112.

## THIRD DEFENSE
### (PROSECUTION HISTORY ESTOPPEL/DISCLAIMER)

3.      By reason of statements, representations, admissions, concessions, arguments, omissions, and/or amendments made by and/or on behalf of the applicants during the prosecution of the patent application that led to the issuance of the '445 Patent, NCS's claims of patent infringement are barred, in whole or in part, by the doctrine of prosecution history estoppel and/or disclaimer.

## FOURTH DEFENSE
### (LACK OF STANDING)

4.      To the extent that NCS is not or was not the sole and total owner of all substantial rights in and to the '445 Patent as of the filing date of the Complaint, NCS lacks standing to bring the claims in this lawsuit.

## FIFTH DEFENSE
### (STATUTORY LIMITATION ON DAMAGES)

5.      NCS's claim for damages and/or costs is statutorily limited by 35 U.S.C. §§ 286, 287, and/or 288.  Without limitation, any claim for damages by NCS is limited by 35 U.S.C. § 287 to only those damages occurring after proper and sufficient notice of infringement of the '445 Patent to Innovex.

## SIXTH DEFENSE
## (NO WILLFUL INFRINGEMENT)

6.      NCS is not entitled to enhanced or increased damages for willful infringement because Innovex has not engaged in any conduct that meets the applicable standard for willful infringement.

## SEVENTH DEFENSE
## (NO EXCEPTIONAL CASE)

7.      NCS cannot prove that this is an exceptional case justifying an award of attorneys' fees against Innovex pursuant to 35 U.S.C. § 285.

## EIGHTH DEFENSE
## (ENSNAREMENT)

8.      NCS cannot assert its claims under the doctrine of equivalents to the extent such an asserted claim scope would encompass or ensnare the prior art.

## NINTH DEFENSE
## (NO INJUNCTIVE RELIEF)

9.      NCS cannot satisfy the requirements applicable to its request for injunctive relief and, to the extent NCS can establish any right to relief, has an adequate remedy at law.

## TENTH DEFENSE
## (RESERVATION OF REMAINING DEFENSES)

10.     Innovex reserves all defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the Patent Laws of the United States, and any other defenses, at law or in equity, which may now exist or in the future become available based on discovery.

## COUNTERCLAIMS

Defendant and Counterclaim Plaintiff Innovex Downhole Solutions, Inc. ("Innovex") asserts the following counterclaims against Plaintiff and Counterclaim Defendant NCS Multistage Inc. ("NCS").

## PARTIES

1.      Innovex is a corporation organized under the laws of Delaware and has a principal place of business at 4310 North Sam Houston Parkway East, Houston, Texas 77032.

2.      As indicated in Paragraph 3 of the Complaint, on information and belief, NCS is a Canadian corporation with a place of business at 700, 333-7th Ave SW Calgary, AB T2P 2Z1, and with worldwide headquarters at 19350 State Highway 249, Suite 600, Houston, TX 77070.

## JURISDICTION AND VENUE

3.      The Court has subject matter jurisdiction over these counterclaims pursuant to 28 U.S.C. §§ 1331, 1338, 2201, and 2202.

4.      NCS has submitted itself to the jurisdiction of this Court.

5.      Venue is believed to be proper in this judicial district under 28 U.S.C. §§ 1391 and 1400(b) as to NCS, based at least on NCS's allegations in Paragraph 7 of the Complaint.  Innovex contends that venue is more convenient in Houston, Texas.

## FACTUAL BACKGROUND

6.      In Paragraph 16 of the Complaint, NCS claims to be the assignee and owner of U.S. Patent No. 10,465,445 ("the '445 Patent").

7.      In its Complaint, NCS alleges that Innovex has infringed the '445 Patent.

8.      The claims of the '445 Patent are invalid for failure to satisfy one or more of the requirements of patentability set forth in Title 35 of the United States Code, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and 112.

9.    Innovex does not and has not infringed any valid and enforceable claim of the '445 Patent.

10.    Consequently, there is an actual case or controversy between the parties over the validity and non-infringement of the '445 Patent.

## FIRST COUNTERCLAIM
## (DECLARATORY JUDGMENT OF INVALIDITY OF THE '445 PATENT)

11.    Innovex repeats and incorporates by reference the allegations of Paragraphs 1–10 of its Counterclaims as if fully set forth here.

12.    The claims of the '445 Patent are invalid for failure to satisfy one or more of the requirements of patentability set forth in Title 35 of the United States Code, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and 112.

13.    Innovex is entitled to a declaration that the '445 Patent is invalid, to ascertain its rights and duties with respect to the accusations in NCS's Complaint.

14.    This is an exceptional case under 35 U.S.C. § 285, including without limitation because NCS filed its Complaint with knowledge of the facts stated in this Counterclaim.

## SECOND COUNTERCLAIM
## (DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '445 PATENT)

15.    Innovex repeats and incorporates by reference the allegations of Paragraphs 1–14 or its Counterclaims as if fully set forth here.

16.    In Paragraph 16 of the Complaint, NCS claims that it "owns by assignment the entire right, title, and interest in the '445 Patent."

17.    In Paragraph 19 of the Complaint, NCS alleges that "Innovex has directly infringed and is directly infringing at least claims 4, 14-15, 19-20, 22-25, 27-34, 36-43, 46-48, 50-53, and 55-57 of the '445 Patent . . . by making, using, offering for sale, and selling in the United States without authority the accused Casing Floatation Device."

18.     In Paragraph 20 of the Complaint, NCS alleges that "Innovex has indirectly infringed and is indirectly infringing at least claims 22-25, 27, 50-53, and 55-57 of the '445 Patent . . . ."

19.     Thus, an actual, substantial controversy exists between Innovex and NCS concerning Innovex's non-infringement of the '445 Patent.

20.     Innovex does not infringe, and has not infringed, any valid and enforceable claim of the '445 Patent literally, under the doctrine of equivalents, directly, indirectly, contributorily, by way of inducement, and/or via any other mechanism of liability under the Patent Act.

21.     Pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. § 2201 *et seq.*, Innovex is entitled to a declaration that the claims of the '445 Patent are not, and have not been, infringed by Innovex, by any Innovex affiliate, or, with respect to any Innovex products, by any customer of Innovex.

22.     The requested declaratory relief would serve the useful purpose of clarifying the legal issues and resolving the claims of infringement made by NCS in its Complaint.

23.     This is an exceptional case under 35 U.S.C. § 285, including without limitation because NCS filed its Complaint with knowledge of the facts stated in this Counterclaim.

## JURY DEMAND

Innovex demands a trial by jury on all issues and claims so triable.

## PRAYER FOR RELIEF

Innovex respectfully requests that the Court grant the following relief:

A.     A judgment denying all relief that NCS seeks in its Complaint against Innovex and dismissing NCS's claims against Innovex with prejudice;

B.     A judgment in favor of Innovex on all of Innovex's affirmative defenses;

C.     A declaratory Judgment that Innovex does not infringe the '445 Patent;

D.      A declaratory Judgment that the '445 Patent is invalid;

E.      A declaration that this case is exceptional under 35 U.S.C. § 285 and awarding Innovex its reasonable costs and expenses of litigation, including attorney's fees and expert witness fees;

F.      An order awarding Innovex its expenses and costs in accordance with Rule 54(d) of the Federal Rules of Civil Procedure;

G.      A judgment limiting or barring NCS's ability to enforce the '445 Patent in equity; and

H.      Any other relief that the Court deems just and proper.


Dated: June 26, 2020                          Respectfully submitted,

       /s/ Tyler T. VanHoutan
Tyler T. VanHoutan (Lead Attorney)
TX State Bar No. 24033290
Eric S. Schlichter
TX State Bar No. 24007994
**MCGUIREWOODS LLP**
600 Travis Street, Suite 7500
Houston, TX 77002
T:  (832) 214-9911
F:  (832) 214-9924
tvanhoutan@mcguirewoods.com
eschlichter@mcguirewoods.com

Matthew W. Cornelia
TX State Bar No. 24097534
**MCGUIREWOODS LLP**
2000 McKinney Avenue, Suite 1400
Dallas, TX 75201
T:  (214) 932-6400
F:  (214) 932-6499
mcornelia@mcguirewoods.com

**Counsel for Defendant**
**Innovex Downhole Solutions, Inc.**


INNOVEX'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS
- 11 -

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing was electronically filed on June 26,

2020, using the Court's CM/ECF system, which will send notice of such filing to all counsel of

record who are deemed to have consented to electronic service.

> _/s/ Matthew w. Cornelia_
> Matthew W. Cornelia